UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROY EDDLEMAN, *et al.,*

    Plaintiffs,

v.

HARRY THOMAS, M.D., *et al.*,

    Defendants.

Case No. 2:07-cv-207-LDG (RJJ)

**ORDER**

The plaintiffs, Roy Eddleman as Trustee of the Roy Eddleman Living Trust and the Roy Eddleman Living Trust (collectively Eddleman), brought this action for breach of lease and unjust enrichment against the defendants Harry Thomas, M.D., Harry M. Thomas, M.D., Professional Corporation, Allan Stahl, M.D., Allan Stahl, M.D., P.C., Matthew McMahon, D.O., and Matthew J. McMahon, D.O., Professional Corporation. Eddleman alleges that the defendants, as the alter egos of Cardiology Associates of Nevada, McMahon, Thomas and Stahl, Ltd. d/b/a Heart Institute of Nevada (CAN-HIN), breached CAN-HIN's lease with Eddleman. The defendants move to dismiss the complaint (## 9, 10), arguing that, as CAN-HIN filed for bankruptcy and as Eddleman is a creditor of CAN-HIM, Eddleman lacks standing to bring the claims. Rather, they assert that only the bankruptcy trustee of CAN-HIN's bankruptcy estate has standing to bring the claims

alleged by Eddleman in the complaint.  Eddleman opposes the motions to dismiss (## 11, 17).  Having considered the pleadings and arguments of the parties, the court will grant the motions.

<u>Motion to Dismiss</u>

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the material allegations of the complaint and construes them in the light most favorable to the plaintiff.  *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997).  A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).  For a defendant to succeed, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Jacobellis,* 120 F.3d at 172.

A Chapter 7 bankruptcy trustee has the exclusive responsibility to collect and reduce the property of the estate to money.  11 U.S.C. §704(a)(1).  The property of the estate includes all legal or equitable interests of the debtor as of the commencement of the bankruptcy petition.  11 U.S.C. §541(a).  Generally, alter ego claims are property of the estate if it alleges an injury to the corporation and its creditors, rather than a claim personal to an individual creditor.  *See, CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378, 384-88 (9th Cir. B.A.P. 1997).  An alter ego claim is the property of the estate if it would be to the benefit of all creditors as an undifferentiated whole.  *Schnelling v. Thomas (In re Agribiotech)*, 319 B.R. 216, 221-22 (D. Nev. 2004).  A creditor may go forward with an alter ego claim only upon a showing of a particularized injury to that creditor.  *In re Folks,* at 387-88.

The crux of the matter is whether Eddleman alleged any injury beyond that of being an unpaid creditor of CAN-HIN.  CAN-HIN's breach of its lease with Eddleman, even alleged as an alter ego claim, establishes only that Eddleman was an unpaid creditor.  A

thorough review of the complaint reveals the absence of *any* allegation that Eddleman was injured in any manner other than as an unpaid creditor.  Indeed, the complaint itself alleges, on several occasions, that the conduct of the defendants was to the detriment of "legitimate third party creditors such as EDDLEMAN."  In his opposition to the motions to dismiss, Eddleman asserts that he was misled by the defendants regarding the lease of the property, and that he would not have purchased the property absent the defendants' active concealment of CAN-HIN's financial problems from Eddleman.  Notably, Eddleman fails to offer ANY citation to any allegation of the complaint to support any of these assertions.  The complaint does not allege that CAN-HIN was in financial distress when Eddleman purchased the property.  The complaint does not allege that any of the defendants concealed such financial distress.  The complaint does not even alleged that Eddleman relied upon such concealment to make his purchase of the property.

      Eddleman further argues that the bankruptcy trustee could not bring a claim against the defendants because CAN-HIN was not harmed by the defendants' actions.  The argument is contrary to and inconsistent with the complaint.  Eddleman specifically alleged in the complaint that they "took the main assets of CAN-HIN, its patient lists, with them when they left the Property while at or about the same time liquidating the accounts receivable and selling of assets to pay themselves."  Eddleman further alleged that the defendants engaged "in a scheme to divert to themselves substantially all of the proceeds of the liquidation of the assets of CAN-HIN."  Eddleman further alleges that the defendants "favored and preferred themselves by paying themselves from patient receipts and liquidation of assets even though <u>legitimate third party creditors such as EDDLEMAN were left unpaid</u>."  Clearly, Eddleman's claim of alter ego arises from an alleged injury to CAN-HIN, and that as a result CAN-HIN could not pay its creditors (including Eddleman).

      Eddleman's claim for unjust enrichment fails for the same reason as the alter ego claim for breach of lease.  Indeed, the claim for unjust enrichment plainly relies upon a

determination that the defendants unjustly enriched themselves to the injury of CAN-HIN, thereby precluding CAN-HIN from paying creditors such as Eddleman.

In conclusion, as Eddleman plainly alleged claims that are property of CAN-HIN's bankruptcy estate, Eddleman lacks standing to bring those claims. Accordingly,

THE COURT **ORDERS** that the defendants' Motions to Dismiss (## 9, 10) are GRANTED.

DATED this 12 day of October, 2007.

_____
Lloyd D. George
United States District Judge

4